

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**03/18/2015**

| | | |
|---|---|---|
| IN RE: | § | |
| NICOLE  STEPTOE | § | CASE NO: 14-32633 |
| Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| US TRUSTEE 7 | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 14-3298 |
| | § | |
| TIMOTHY LEE WILLIAMS | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION

The United States Trustee seeks injunctive and monetary relief against Timothy Lee Williams for his violations of the consumer protections contained in the Bankruptcy Abuse and Consumer Protection Act of 2005.  The summary judgment record unambiguously establishes the alleged violations.  Summary judgment is granted against Williams and in favor of the United States Trustee.

### Background[1]

On March 7, 2014, Williams contracted with Nicole Steptoe to serve as her attorney.  He agreed to provide both chapter 7 bankruptcy services (Trustee Ex. 1) and foreclosure and real estate loan services (Trustee Ex. 2).  Steptoe paid Williams $1,000.00 for his services (Trustee Ex. 3).  After the present adversary proceeding was filed, Williams refunded $500.00 of the fees.

---

[1] Williams has filed a response to the Trustee's motion for summary judgment.  Although he denies the factual allegations made by the Trustee, Williams failed to include any competent summary judgment evidence supporting his denials.  Although his response to the summary judgment motion cited to an affidavit, Williams failed to attach any such affidavit to the response.  Moreover, the denials contained in Williams' reply (for example, "The Defendant did not provide assistance to Nicole Steptoe as it relates to the filing of any bankruptcy petition") are contrary to statements made by Williams to the Court.  *See* Trustee Ex. 8, p. 10, l. 19-25.  Inasmuch as the Trustee's motion is replete with factual support, and Williams' reply has no factual support, the Court accepts the facts alleged by the Trustee as true.

On May 6, 2014, Williams filed a chapter 7 bankruptcy petition for Steptoe (Trustee Ex. 4).  The petition fails to disclose Williams' involvement in the case, but does list Williams' telephone number as the Steptoe's telephone number.  (Trustee Ex. 4; Trustee Ex. 3, ¶ 3).

Williams never provided Steptoe with the notices and disclosures required by 11 U.S.C. § 527.  (Trustee Ex. 3, ¶ 4).

Williams did provide extensive bankruptcy assistance to Steptoe.  This included legal advice, counsel, document preparation, and document filing.  (Trustee Ex. 3, ¶ 5).  Williams prepared and filed the bankruptcy petition, the statement of social security number, the creditor mailing matrix, the application to pay filing fees in installments, the statement of compliance with credit counseling requirements, the certificate of credit counseling, the summary of schedules, Schedule A,  Schedule B, Schedule C, Schedule D, Schedule I, Schedule J, the Statement of Financial Affairs, Schedule E, Schedule F, Schedule G, Schedule H, the Chapter 7 Statement of Current Monthly Income and Mean-Test Calculation, and the pay advices in this case.  (Trustee Ex. 3, ¶ 5).

At the time that Williams was providing her with bankruptcy assistance, Steptoe was a person who had primarily consumer debts.  She had non-exempt property with a value less than $186,825.00.  (Trustee Ex. 3, ¶ 3).

The vast majority of the documents filed by Williams for Steptoe include Steptoe's signature.  Steptoe did not authorize Williams to sign the documents on her behalf.  (Trustee Ex. 3, ¶ 6).  The documents filed by Williams for Steptoe were replete with errors.  For example, the documents omitted listing her $47,000.00 of unsecured debts even though Steptoe had told Williams about those debts.  (Trustee Ex. 3, ¶ 8).

As matters began to unravel, Williams asked his client Steptoe to falsely testify that Steptoe had not wired Williams as her attorney.  (Trustee Ex. 3, ¶ 13).   Steptoe refused.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[2]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object

---

[2] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Celotex*, 477 U.S. at 324.  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### Application of the Law to the Facts

Based on the foregoing undisputed facts, Williams:

1. Was a Debt Relief Agency as defined by 11 U.S.C. § 101(12A) at the time that he provided bankruptcy assistance to Steptoe.

2. Violated 11 U.S.C. § 527(a)(1) by failing to provide Ms. Steptoe with the written notice required under § 342(b)(1).

3. Violated 11 U.S.C. § 527(a)(2) by failing to provide the notice to Steptoe regarding the necessity for accuracy, the requirement of due diligence, and the possibility of an audit.

4. Violated 11 U.S.C. § 527(b) by failing to provide the detailed notice concerning fee agreements, eligibility, and other matters required by § 527(b).

5. Violated 11 U.S.C. § 527(c) by failing to advise Steptoe on how to value her assets, how calculate amounts required on her schedules, how to complete her list of creditors, and how to determine the value of her exempt property.

6. Violated 11 U.S.C. § 329, as implemented by Fed. R. Bankr. P. 2016, by failing to file the required information regarding his fees for representing Steptoe.

7. Violated 11 U.S.C. § 528 by utilizing a fee agreement that failed to clearly and conspicuously explain the bankruptcy services that he was to provide.

8. Violated 11 U.S.C. § 526(a)(2) by filing documents that contained untrue and misleading statements that, upon the exercise of reasonable care, Williams would have known to be untrue and misleading.

9. Aggravated his conduct by failing to give proper advice to Steptoe regarding the appropriate consumer chapter for her bankruptcy filing.

10. Aggravated his conduct by instructing his client to lie about the nature of the professional relationship between Steptoe and Williams.

## Relief Granted

For these multiple violations, the Court orders these remedies:

1. Williams is permanently enjoined from engaging in further violations of §§ 329, 526, 527 and 528 of the Bankruptcy Code.

2. Williams is ordered to pay the United States Trustee $3,888.11 in attorney's fees and expenses incurred by the United States in prosecuting this proceeding.

3. Williams is ordered to pay to Steptoe $3,000.00, representing the portion of the fees paid by Steptoe that have not been refunded, along with a penalty of $2,500.00.  *See*  11 U.S.C. § 526(c)(5)(B).

4. The injunctive relief is effective on entry of a judgment in this adversary proceeding.

5. The amounts payable by Williams must be paid promptly, and to the maximum extent of his ability.  If Williams claims an inability to pay the $6,888.11 required by the judgment, he is ordered to make monthly payments to the United States Trustee to the maximum extent of his ability.  The United States Trustee will allocate the funds received, *pro rata*, between the United States and Steptoe.

6. If, in any month, the United States Trustee receives less than $688.81 in payments (until such time as the judgment is fully paid), the United States Trustee is mandated to seek enforcement by the Court.

SIGNED **March 18, 2015.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE